LINDSAY LAYNE ET AL. *v.* STEPHEN G. LOAR.

[Abstract Kentucky Law Reporter, Vol. 3—618.]

**Power of Chancellor to Cause Resale of Land.**

> Where land is sold under a decree of the court and the purchase-money is not paid, the chancellor has the power to order its resale for cash or on credit; and where the purchaser at the first sale is given notice and an opportunity to object to the order of resale and makes no objection, he can not thereafter make any objection thereto.

APPEAL FROM FLOYD CIRCUIT COURT.

February 7, 1882.

OPINION BY JUDGE HARGIS:

The judgment is not void, but were this so the appeal should be dismissed, as no motion to set aside or modify it was made in the inferior court. Civ. Code (1876), § 763. The notice to the appellants, who were purchasers of the land sold under the former decree of the court, was intended and operated as a notice of the proceedings which were in the nature of a rule to compel appellants to pay for the land or submit to a resale of it. It is neither an action nor the basis of the summary proceedings provided by Civ. Code (1876), Title 10, Ch. 5, but it furnishes notice to the appellants of all that the service of a rule would have afforded them, and in fact it is much more ample than rules for such purposes generally are. The object of the notice, as shown by its terms, was not to obtain judgment against the principal and sureties on the unpaid sale bonds, but to warn the appellants, who were in court for every legitimate purpose connected with the sale of the land, the collection of the purchase-money thereof and transmutation of the title, that, having failed to pay for the land, the power of the chancellor to order its resale would be invoked on a certain day of the term.

Having been given full opportunity to object to the order of

resale the appellants are concluded thereby, as the chancellor had the power to make such an order as was decided by a well considered opinion of this court in the case of *Page v. Hughes' Heirs,* 9 B. Mon. (Ky.) 117.    In that case it is held that the chancellor had the power to order the resale for cash or on a credit; therefore the objection to the sale because it was directed to be made on a credit of six months is untenable.   Besides this, the record shows it was better for appellants that the sale should be had on a credit, as a cash sale must have resulted in a greater sacrifice than appellants now complain of.

The debt for which the land was sold was created before the passage of the law requiring appraisements under decretal sales, and, as lately held by this court, that law does not apply to such cases.   The appellants did not offer to redeem the land, and they are not in the attitude to complain of being denied that right.

The judgment of resale directed only so much land as should be necessary to pay the remainder of the purchase-money, after deducting the credits entered on the sale bonds, to be sold, and the amount bid at the resale was not so much as remained unpaid on the original sale bonds.   We can not, therefore, see any prejudice to the substantial rights of the appellant from the failure of the court to specify more particularly the amount for which the land was sold.

The motion and notice were sufficient to inform any ordinarily reasonable person of the grounds and character of the judgment sought, and there is no substantial inconsistency between the notice and judgment.

Judgment *affirmed.*

*W. H. Holt, Weddington & Stuart, for appellants.*

*Wm. Lindsay, for appellee.*